# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50737
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALBERTO VALLEJO-LUNA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1536-1

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Jose Alberto Vallejo-Luna (Vallejo) appeals the 41-month within-guidelines sentence imposed following his conviction for illegal reentry into the United States after having been deported. He concedes that sentences imposed within the Guidelines are presumptively reasonable but argues that he has rebutted the presumption because the district court made a clear error of judgment in balancing the 18 U.S.C. § 3553 factors and imposed a sentence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that was greater than necessary to meet those factors.  He contends that his sentence overstated the seriousness of his illegal reentry offense because, in applying U.S.S.G. § 2L1.2, the district court gave too much weight to old convictions.  He argues further that the district court failed to give proper weight to his beneficent reason for re-entering the country unlawfully or to the likelihood that he will not recidivate.  Vallejo also argues that the presumption of reasonableness should not apply to his sentence because § 2L1.2 is not supported by empirical data, but he concedes that this argument is foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Vallejo acknowledges that this court reviews for plain error when a defendant fails to object to the reasonableness of the sentence but contends that it should review for an abuse of discretion.  Because he did not object to the substantive reasonableness of the sentence in the district court, review is limited to plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The district court considered Vallejo's request for a sentence at the bottom of the guidelines range and ultimately determined that a sentence in the middle of the range was appropriate under the circumstances and the § 3553(a) factors.  Vallejo's arguments that that § 2L1.2 lacks an empirical basis and that his sentence overstates the seriousness of his criminal history and fails to take into account his personal history and characteristics are insufficient to rebut the presumption of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).  Therefore, Vallejo has failed to show that his 41-month within-guidelines sentence is substantively unreasonable, and there is no reversible plain error.

AFFIRMED.